IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-34609 |
| | ) | |
| CONTRACTOR'S LIEN SERVICES, INC., | ) | Chapter 7 |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |

**NOTICE OF TRUSTEE'S MOTION TO APPROVE SETTLEMENT
OF CIRCUIT COURT OF COOK COUNTY, ILLINOIS CASE NO. 08 CH 46905
<u>WITH THE PEOPLE OF THE STATE OF ILLINOIS</u>**

To:     See Attached Service List

     PLEASE TAKE NOTICE that on **April 24, 2013, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer or any judge sitting in his stead in Courtroom 682 in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Motion to Approve Settlement of Circuit Court of Cook County, Illinois Case No. 08 CH 46905 With the People of the State of Illinois**, a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

| | |
|---|---|
| Dated: April 12, 2013 | R. Scott Alsterda, Chapter 7 Trustee for the Bankruptcy Estate of Contractor's Lien Services, Inc., Debtor |
| | |
| | By: /s/ Patrick F. Ross |
| | |
| | R. Scott Alsterda (# 3126771) |
| | Patrick F. Ross (# 6296461) |
| | Ungaretti & Harris LLP |
| | 70 West Madison Street, Suite 3500 |
| | Chicago, Illinois 60602 |
| | Telephone: 312-977-4400 |
| | Facsimile:  312-977-4405 |
| | |
| | *Counsel to the Chapter 7 Trustee* |

4824-8466-0243.2

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on April 12, 2013, I electronically filed the **Trustee's Motion to Approve Settlement of Circuit Court of Cook County, Illinois Case No. 08 CH 46905 With the People of the State of Illinois** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals:

U.S. Trustee
Patrick S. Layng
(USTPRegion11.ES.ECF@usdoj.gov)
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
(312) 886-5785 phone

Counsel for the Debtor
Perry Perelman
(perelmanlaw@hotmail.com)
Perry Perelman and Associates
5225 Old Orchard Rd., Ste. 5
Skokie, IL 60077
(847) 673-4003

Chapter 7 Trustee
R Scott Alsterda (rsalsterda@uhlaw.com)
Patrick F Ross (pfross@uhlaw.com)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
312 977-9203
312 977-4405 (fax)

Counsel for Chicago Title Insurance Company
Scott J. Smith (ssmith@muchshelist.com)
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

Counsel for Aurora Loan Services, LLC
Barbara J. Dutton (duttonlaw@aol.com)
Dutton & Dutton P.C.
10325 W Lincoln Hwy
Frankfort, IL 60423
(815) 806-8200 Phone
(815) 806-8201 Fax

Counsel for Bank of America
Jeffrey L. Gansberg
(jgansberg@muchshelist.com)
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

Counsel for U.S. Bank National Association
Michael J Kalkowski
(mkalkowski@fisherandshapirolaw.com)
Fisher and Shapiro LLC
2121 Waukegan Road, Suite #301
Bannockburn, IL 60015
847 291-1717 Ext. 4301

Counsel for BAC Home Loans Servicing, LP
Todd J Ruchman
(truchman@fisherandshapirolaw.com)
Fisher and Shapiro LLC
2121 Waukegan Road
Suite #301
Bannockburn, IL 60015

Counsel for Chase Home Finance LLC and
Aurora Loan Services, LLC
Gloria C Tsotsos (nd-three@il.cslegal.com)
Codilis & Associates PC
15W030 North Frontage Rd Suite 100
Burr Ridge, IL 60527
(630) 794-5300 Ext. 1136

Counsel for Best Buy Carpet
Frank J Kokoszka (fkokoszka@k-jlaw.com)
Kokoszka & Janczur, P.C.
140 S Dearborn #1610
Chicago, IL 60603
312 443-9600

Counsel to Harris N.A.
Daniel Rubin
(drubin@howardandhoward.com)
Howard and Howard
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 456-3448

Counsel to First Chicago Bank & Trust
Peter J Schmidt (pschmidt@polsinelli.com)
Jean Soh (jsoh@polsinelli.com)
Polsinelli Shughart, P.C.
161 N Clark Street
Suite 4200
Chicago, IL 60601
312-819-1900

Counsel to Grogan Carpentry, LLC
Stephen S Newland
(steve@newlandlaw.com)
Newland & Newland, LLP
1512 Artaius Pkwy
Suite 300
Libertyville, IL 60048
(847) 549-0000

and I hereby certify that on April 12, 2013, I caused to be sent by first class U.S. mail the **Trustee's Motion to Approve Settlement of Circuit Court of Cook County, Illinois Case No. 08 CH 46905 With the People of the State of Illinois** to the following non-registered individuals:

(*see attached service list*)

/s/ Patrick F. Ross

## SERVICE LIST

*Counsel to the People of the State of Illinois*
Eric Sirota
Assistant Attorney General
Consumer Fraud Bureau
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
Email: esirota@atg.state.il.us

Daniel E. Beederman
Schoenberg, Finkel, Newman & Rosenberg,
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606

Contractor's Lien Services, Inc.
6225 N. Milwaukee Avenue
Chicago, IL 60646

Adrian Mizga
5202 W. George St.
Chicago, IL 60641

AT&T
c/o McCarthy, Burgess & Wolf
26000 Cannon Rd.
Bedford, OH 44146

AT&T Yellow Pages
5000 College Blvd
Leawood, KS 66211

American Express
P.O. Box 981532
El Paso, TX 79998-1531

BEC Electrical Co Inc.
6502 N Kenneth Ave
Lincolnwood, IL 60712-3354

BWS Construction
c/o Thomas Rosenberg
1051 W. Belmont
Chicago, IL 60657

Beata Gallus
258 Tower Ln.
Elk Grove Village, IL 60007

Blue Sky Roofing
c/o Gary S. Weiss P.C.
30 N. LaSalle #3924
Chicago, IL 60602

CCC Systems Inc.
P O Box 591
Joliet, IL 60434

Chicago Title Land Trust #76982
c/o Arnold Schwartz
111 N. Canal Street #394
Chicago, IL 60606

Contractors Adjustment Co.
c/o Deutsch, Levy & Engle
225 W. Washington St., Suite 1700
Chicago, IL 60601

Chicago Title Insurance Company
c/o C T Corporation System, its reg. agent
208 S LaSalle St, Suite 814
Chicago, IL 60604

Cook County State's Attorney
Consumer Fraud Unit
69 West Washington-Suite 3130
Chicago, IL 60602

DMAC
c/o Daniel G. Lauer & Associates
1424 W. Division
Chicago, IL 60642

David Steele
c/o Scott Morgan
217 N. Jefferson St., Suite 602
Chicago, IL 60661

Dennis Ryza
c/o Chris Goluba
399 Wall Street #H
Glendale Heights, IL 60139

Dept. of Labor
Lisa Madigan Attorney General
100 W. Randolph, 13th Floor
Chicago, IL 60601

Elder-Jones, Inc.
123 West Madison Street
Suite 700
Chicago, IL 60602-4623

F&L Electric Inc
6502 N Kenneth Ave
Lincolnwood IL 60712

Frances Gecker, Trustee for S. & D. Tonev
325 N. LaSalle, Suite 625
Chicago, IL 60654

Harrington, Moran, Barksdale, Inc.
2000 East Lamar Boulevard, Suite 710
Arlington, Texas 76006

Henry Centracchio
c/o Gordon & Centracchio, LLC
211 W. Wacker Dr. #500
Chicago, IL 60606

Illinois Dept. of Employment Security
Attn: Bankruptcy Unit - 10th Fl.
33 South State Street
Chicago, IL 60603

International Masonry
c/o David Stepanich
32 N. West St. #203
Waukegan, IL 60085

Jolanta Kozlowski
2416 Ernst St.
Franklin Park, IL 60131

Jose and Ana Dutra
c/o Robert A. Destefano
6547 W. Cermak
Berwyn, IL 60402

Joseph Discola
c/o Barone & Jenkins
635 Butterfield #145
Oakbrook Terrace, IL 60181

Joseph Marsiglia
c/o Ansani & Ansani
1411 Peterson Ave.
Park Ridge, IL 60068

Kathryn Wordlaw, Atty at Law
79 West Monroe, Ste 1314
Chicago, IL 60603

Lexis-Nexis
9443 Springboro Pike
Miamisburg, OH 45342

Limestone Inc.
5596 N. Northwest Hwy
Chicago, IL 60630

M & M
c/o Chepov & Scott
5440 N. Cumberland
Chicago, IL 60656

March Plumbing, Inc
3036 N. Greenview
Chicago, IL 60657

Michael Visco & Tiffany Visco
1514 West Street
Lockport, IL 60441

Michaelson
c/o William A. Price
P.O. Box 1425
Warrenville, IL 60555

National Court Reporter
c/o Markoff & Krasny
29 N. Wacker Dr. #500
Chicago, IL 60606

Opole Inc.
2445 Fontana Dr.
Glenview, IL 60025

Paulina Budzik
4662 N. Kolze
Schiller Park, IL 60176

People of the State of Illinois
c/o ASA Joseph Hudson
69 W. Washington
Chicago, IL 60602

People of the State of Illinois
c/o Lisa Madigan Attorney General
100 W. Randolph, 13th Floor
Chicago, IL 60601

Pitney Bowes
c/o Dynamic Recovery Services
4101 McEwen Suite 150
Dallas, TX 75244

Pitney Bowes Global Financial Services
27 Waterview Drive
Shelton, CT 06484

Pitney Bowes Inc.
4901 Belfort Rd, Ste 120
Jacksonville FL 32256

Renee M. Babcoke, Esq.
425 N. Miami Street
Miller Beach, IN 46403

Rohar Enterprise, Inc.
Daniel M. Donahue, Trustee
PO Box 2903
Rockford, IL 61132-2903

Rohar Enterprises, Inc.
c/o James T. Rohlfing & Associates
211 W Wacker Dr. #1200
Chicago, IL 60606

Stato Remodeling
3008 Park Ct.
Rolling Meadows, IL 60008

Sylwia Kulesza
6334 W. Eddy St.
Chicago, IL 60634

Tressler LLP
233 S. Wacker, 22nd Floor
Chicago, IL 60606-6399

United Construction
c/o Kindwald Law Offices
106 W. Madison
Chicago, IL 60602

Viking Plumbing Services, LLC
c/o Scott C. Kuntz, Esq
900 E. Northwest Highway
Mount Prospect, IL 60056

W. J. Weiser & Associates, Inc.
c/o Howard & Howard Attorneys PLLC
Attn: S. Levin
200 S. Michigan Ave., #1100
Chicago, IL 60604

WJ Weiser & Associates
1100 E. Woodfield Rd., Suite 520
Schaumburg, IL 60173

WestLaw
610 Opperman Dr.
P.O. Box 64833
Saint Paul, MN 55164-1803

Elliot S. Wiczer, Esq.
Foreman Friedman, PA
500 Skokie Blvd., Suite 325
Northbrook, IL 60062

ZMG, LLC
c/o Chester Zelasko, its reg. agent
34450 Rte 45 North
Third Lake, IL 60030

Perry Perelman and Associates
5225 Old Orchard Road Suite #5
Skokie, IL 60077

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-34609 |
| | ) | |
| CONTRACTOR'S LIEN SERVICES, INC., | ) | Chapter 7 |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date: April 24, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF CIRCUIT
COURT OF COOK COUNTY, ILLINOIS CASE NO. 08 CH 46905
WITH THE PEOPLE OF THE STATE OF ILLINOIS**

R. Scott Alsterda, not individually but as the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Contractor's Lien Services, Inc., Debtor (the "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves this Court for the entry of an order approving the settlement of Circuit Court of Cook County, Illinois Case No. 08 CH 46905 with the People of the State of Illinois, represented by the Illinois Attorney General's office (the "Illinois Attorney General"), pursuant to the terms of a Stipulated Final Judgment and Consent Decree attached as **Exhibit 1** and incorporated by reference herein (the "Motion"). In support of his Motion, the Trustee states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

4. On August 2, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5. The Trustee was appointed as the interim Chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate").

6. The Debtor's initial Section 341(a) meeting of creditors was held on September 30, 2010 and a continued meeting was held on October 19, 2010 by the Trustee.

7. On November 22, 2010, the Trustee filed an initial report of assets, stating that he has found assets in the Estate to be administered for the benefit of creditors or believes there is a likelihood that such assets will be recovered within a reasonable period of time [Dkt. 34].

## BACKGROUND

8. The Trustee has been informed by the Debtor that on December 18, 2008, the Debtor voluntarily ceased substantially all of its operations. Prior to December 18, 2008, the Debtor was engaged in the business of preparing and purchasing mechanics lien claims, which the Debtor filed and enforced through attorneys hired to represent it.

9. Based on his initial review of the Debtor's files and conversations with Steven Boucher, the Debtor's principal, the Trustee is informed and believes that, as of December 18, 2008, the Debtor had recorded and/or filed lawsuits to enforce approximately 5,500 mechanics liens (the "Mechanics Lien Claims").

10. Since November 1, 2010, the Trustee has employed Daniel E. Beederman and Schoenberg Finkel Newman & Rosenberg, LLC (collectively, "Special Counsel") as special litigation counsel to pursue recoveries related to the Mechanics Lien Claims [Dkt. 40].

**The Former AQSA Mechanics Lien Claim**

11. On June 22, 2007, the Debtor recorded a Mechanics Lien Claim against a parcel of real property located at 9401 South Odell Avenue, Bridgeview, Illinois (the "Property") on behalf of AQSA Construction Company, Inc. ("AQSA"). Subsequently, the Debtor recorded an assignment of lien with the Cook County Recorder of Deeds on March 28, 2008 (the "AQSA Mechanics Lien Claim").

12. The AQSA Mechanics Lien Claim arose out of an alleged oral contract entered into by AQSA and Raghda Suleiman ("Suleiman") on or about August 1, 2005, pursuant to which AQSA agreed to construct a residence at the Property. AQSA supposedly completed the work due on the contract on June 1, 2006 and allegedly was owed $989,000.

13. On November 13, 2007, Suleiman filed a complaint (the "Complaint") against Wail Samhan ("Samhan") and Washington Mutual Bank (the "Bank") seeking to quiet title as to the Property in Suleiman's name, which initiated a case in the Circuit Court of Cook County, Chancery Division (the "State Court") captioned *Suleiman v. Samhan, et al.*, Case No. 2007-CH-33086 (the "Litigation Case").

14. On March 27, 2008, the Debtor filed a motion in the Litigation Case seeking leave to intervene and file a counterclaim to foreclose on the AQSA Mechanics Lien Claim. Although the State Court initially granted the Debtor leave to file its counterclaim, the State Court subsequently entered an order dismissing the Debtor's counterclaims against all parties except Suleiman due to the fact that the AQSA Mechanics Lien Claim was filed more than four months after AQSA's work at the Property had been completed.

15. For several reasons, including the unlikelihood of a successful outcome and recovery for the Estate in the Litigation Case and the allegations stated in the Illinois AG Case, as described

below, the Trustee determined that it would be in the best interest of the Estate and creditors to abandon the AQSA Mechanics Lien Claim. Accordingly, on August 27, 2012, the Trustee filed his *Routine Motion to Abandon the Estate's Right, Title, and Interest in a Mechanics Lien Claim Against 9401 South Odell Avenue, Bridgeview, Illinois*, which this Court granted by Order entered on September 20, 2012 [Dkt. 111].

## The Attorney General's Lawsuit

16. On or about December 17, 2008, the Illinois Attorney General filed a Complaint for Injunctive and Other Relief against the Debtor and Steven Boucher, its principal, in the case captioned The People of the State of Illinois v. Contractor's Lien Service, Inc., et al., Case No. 08 CH 46905 (the "Illinois AG Case").

17. In the Illinois AG Case, the Illinois Attorney General sought a permanent injunction against the Debtor from enforcing any of its Mechanics Lien Claim cases based, in part, on the assertion that the Debtor violated the Illinois Collection Agency Act (the "ICAA"), 225 ILCS 425/1, *et seq.*, a statute requiring, *inter alia*, that businesses collecting consumer debtors be licensed, which the Debtor was not.

18. The Illinois Attorney General specifically identified the AQSA Mechanics Lien Claim and the Litigation Case as a violation of the ICAA, because the Debtor allegedly sought to collect a claim of indebtedness against an individual.

19. After the Petition Date, the Trustee filed an appearance in the Illinois AG Case on behalf of the Debtor's bankruptcy estate. The Trustee asserted that the Debtor was not engaged in the business of collecting consumer debts and, therefore, it was not required to have a license under the ICAA.

20. On October 26, 2011, the Illinois Attorney General filed a Motion for Summary Judgment against the Debtor, claiming, *inter alia*, that it was entitled to judgment as a matter of law on the Debtor's alleged violation of the ICAA. On July 6, 2012, the Trustee filed his Response to the Motion for Summary Judgment asserting that his efforts to litigate Mechanics Lien Claim cases on behalf of the Debtor's bankruptcy Estate did not violate the ICAA. On July 20, 2012, the Illinois Attorney General filed a Reply. As of the date this Motion is filed, the State Court has not yet ruled on the Motion for Summary Judgment.

21. After the Trustee's careful deliberation and consultation with Special Counsel, the Trustee believes that settlement of the Illinois AG Case pursuant to the terms of the Stipulated Final Judgment and Consent Decree is in the best interests of the Estate and creditors.

### The Settlement Agreement

22. The Illinois Attorney General and the Trustee have reached a settlement concerning the Illinois AG Case, the terms of which are set forth in the Stipulated Final Judgment and Consent Decree attached as **Exhibit 1**. The central terms of the agreement are summarized as follows:

(a) The Illinois Attorney General and the Trustee agree to entry of judgment in favor of the Illinois Attorney General and against the Debtor's Estate in the amount of $5,000 pursuant to 225 ILCS 425/14(a) without the Debtor and the Trustee admitting to any of the acts, omissions, or violations of law alleged in the Illinois AG Case;

(b) The Trustee may enforce the Debtor's Mechanics Lien Claims against non-residential, commercial properties where those liens are valid on their faces, but in the event of a stale lien, must notify the relevant title insurance company or other entity in writing that the Debtor will not collect any money pursuant to the lien and that such lien is not legally enforceable;

(c) The Debtor is permanently enjoined from reincorporating with the Illinois Secretary of State or otherwise conducting business in the State of Illinois; and

  (d)  The Illinois Attorney General's claims against Steven Boucher, individually, remain unaffected and stay pending.

## **RELIEF REQUESTED**

23. The Trustee hereby respectfully requests that the Court enter an order approving the settlement agreement with the Illinois Attorney General and authorizing the Trustee to sign the Stipulated Final Judgment and Consent Decree and perform all actions necessary to effectuate its terms and purposes.

24. Generally, a proposed settlement should be approved if it is in the best interest of the bankruptcy estate. *In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989). The Seventh Circuit has adopted a two-pronged test for determining whether a proposed compromise is in the best interest of the bankruptcy estate and creditors. *In re Energy Coop., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989). First, the court should compare the terms of the settlement with the probable costs and benefits of litigation. *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). Second, the court should determine whether the settlement falls within the reasonable range of litigation possibilities. *Id.* The latter determination should be weighted in favor of settlement, since a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553; *Energy Coop.*, 886 F.2d at 929.

25. The Trustee believes that settlement of the Illinois AG Case pursuant to the terms of the Stipulated Final Judgment and Consent Decree is in the best interests of the Debtor, the Estate, and creditors for several reasons. <u>First</u>, the terms of the settlement are favorable compared to the probable costs and benefits of continuing the Illinois AG Case. Although the settlement provides that a judgment in the amount of $5,000 will be entered against the Debtor's Estate, it also saves the Estate from incurring additional attorneys' fees in defending the Illinois AG Case and, more

importantly, permits the Trustee to continue enforcing all prima facie valid Mechanics Lien Claims against non-residential, commercial properties, which are worth much more to the Estate than the $5,000 judgment will cost it. The Trustee's ability to effectively administer the Estate and provide a distribution to creditors depends almost entirely on his ability to liquidate the Mechanics Lien Claims, which is preserved by the settlement agreement with the Illinois Attorney General. Therefore, in the Trustee's professional judgment, the Estate would be better suited by resolving the Foreclosure Litigation pursuant to the terms of the Settlement Agreement.

26.     <u>Moreover</u>, the Trustee's proposed settlement falls within the reasonable range of litigation possibilities. If the Trustee were to continue litigating the Illinois AG Case and prevail against the Illinois Attorney General on every count, the best outcome would permit the Trustee to continue enforcing the Debtor's Mechanics Lien Claims and spare the Estate from entry of the $5,000 judgment at the expense of attorney's fees likely many times that amount. If instead the Trustee lost against the Illinois Attorney General, the Estate would be unable to recover any additional funds from remaining unliquidated Mechanics Lien Claims and it is possible that the validity of previously litigated and settled Mechanics Lien Claims could be called into question.

27.     In making his decision to settle, the Trustee consulted with Special Counsel and his recommendations and carefully considered the facts and circumstances, strengths and weaknesses, and likely costs and outcomes of the Illinois AG Case. The Trustee believes that settlement according to the terms of the Stipulated Final Judgment and Consent Decree falls within the reasonable range of litigation possibilities and, therefore, should be approved.

## **REQUEST TO APPROVE SHORTENED NOTICE**

28.     Pursuant to Bankruptcy Rules 2002(a)(3) and 9019(a), the Trustee is required to provide the Debtor, the United States Trustee, and all creditors and parties-in-interest with 21-days'

4824-8466-0243.2                                    7

notice of the Motion. As stated in the Certificate of Service filed with this Motion, the Trustee has served a copy of the Motion by CM/ECF on all parties registered in this case and by first class U.S. mail on the Illinois Attorney General's counsel and all other persons and entities listed on the Debtor's creditor matrix. However, this Motion provides for only 12 days' notice.

29. The Trustee seeks this Court's approval of 9 days' shortened notice of the Motion so that the Illinois AG Case may be disposed of without an unnecessary hearing and potential ruling by the State Court. Therefore, the Trustee requests that this Court approve the shortened notice period, find the notice provided for herein as being sufficient under the circumstances, and waive and dispense with any further or other notice requirements.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) granting the relief requested in the Trustee's Motion; (ii) approving the shortened notice of the Motion as being sufficient under the circumstances, and waiving and dispensing with any further or other notice requirements; (iii) approving the settlement of the Illinois AG Case pursuant to the terms of the Stipulated Final Judgment and Consent Decree; (iv) authorizing the Trustee to perform all actions necessary to effectuate the terms and purposes of the Stipulated Final Judgment and Consent Decree; and (v) granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 12, 2013

R. Scott Alsterda, Chapter 7 Trustee for the Bankruptcy Estate of Contractor's Lien Services, Inc., Debtor

By: /s/ Patrick F. Ross
R. Scott Alsterda (# 3126771)
Patrick F. Ross (# 6296461)
Ungaretti & Harris LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
312-977-4400 / 312-977-4405 (Fax)
*Counsel to the Chapter 7 Trustee*

4824-8466-0243.2         8